UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                          CASE NO: 8:16-cr-424-T24JSS

CHRISTOPHER ADAM METROVICH
_____/

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Set Reasonable Conditions of Pretrial Release (Dkt. 15) and the Government's Response in Opposition to Defendant's Motion for Pretrial Release (Dkt. 17). In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on December 19, 2016. Upon consideration, the Court concludes that the facts and evidence presented at the hearing require Defendant's detention pending trial in this case.

Defendant was initially before the Court on October 5, 2016, on an Indictment charging him with being a convicted felon in possession of a firearm and ammunition in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). (Dkt. 1.) At that time, Defendant waived his right to a bond hearing but reserved the right to revisit the Court's order of detention. On November 22, 2016, Defendant filed his Motion to Set Reasonable Conditions of Pretrial Release (Dkt. 15) seeking pretrial release. A hearing on the matter was held on December 19, 2016.

## APPLICABLE STANDARDS

Under the Bail Reform Act, the determination of whether there are conditions of release that will reasonably assure the appearance of a defendant and the safety of the community rests on the Court's consideration of the following factors: (1) the nature and circumstances of the charged

offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the risk of danger to any person or the community that the defendant would present if released. *See* 18 U.S.C. § 3142(g).

## ANALYSIS

Considering the evidentiary proffer and arguments made by the Government and counsel for Defendant at the hearing, the factors set forth in the Bail Reform Act, 18 U.S.C. § 3142, require Defendant's detention pending trial.

Defendant was Indicted by a Grand Jury in this matter on October 4, 2016, and was charged with being a convicted felon in possession of a firearm and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). If convicted of the charged offense, Defendant faces a maximum of ten years of imprisonment. (Dkt. 15.) In light of the Grand Jury Indictment for the charged offense, there is probable cause to believe that Defendant has committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in Title 21, United States Code, Sections 841 and 846. *See United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985) (stating that "an indictment is sufficient to demonstrate probable cause").

Defendant argued that conditions of release are available to help ensure the safety of the public and his future appearance at court proceedings. Defendant proposed the following conditions: utilizing his grandparents and mother's jointly-owned home for collateral to secure his release; having his mother serve as third-party custodian, having electronic GPS monitoring, and residing with his grandparents.

However, the Government established clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. 18 U.S.C. §

3142(f); *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988) (explaining that Section 3142(f) requires a finding that "no condition or combination of conditions will reasonably assure the safety of the community be supported by clear and convincing evidence"). The Government has also established by a preponderance of the evidence that no condition or combination of conditions are available that will reasonably assure Defendant's appearance at trial. *See King*, 849 F.2d at 489 (government's burden of proof on the question of risk of flight is governed by the preponderance of the evidence standard); *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985) (same).

      The nature and circumstances of the charged offense indicate violent behavior which weighs against pretrial release. The weight of the evidence against Defendant is also strong. From the Government's proffer and Response in Opposition to the Defendant's Motion for Pretrial Release, on the night of the charged offense, Defendant "stayed up all night using methamphetamine and shooting guns behind the house he shared with his mother and grandparents." (Dkt. 17.) Defendant shot himself in the leg. (Id.) When officers arrived to investigate, they found a rifle, two pistols, and 50 rounds of ammunition. (Id.) Further, surveillance video from the home showed Defendant carrying the rifle. (Id.) Two witnesses also informed the officers that Defendant possessed the firearm and ammunition. (Id.)

      The history and characteristics of Defendant also weigh in favor of pretrial detention. The Government proffered evidence of Defendant's prior history involving acts of violence. In 2013, law enforcement officers responded to a call reporting a disturbance at the home Defendant shares with his grandparents. According to the law enforcement officer, Defendant's grandfather reported that when he denied Defendant the use of a car, Defendant became irate, started screaming and flailing about the residence, struck objects with his fist, and Defendant struck his

grandfather with a closed fist. In 2014, law enforcement officers responded to a call regarding a suspicious incident at the home Defendant shares with his grandparents. According to the law enforcement officer, Defendant's grandmother reported that Defendant became irate when he could not locate his cellular telephone. Defendant began throwing objects in the residence, grabbed his grandmother by the neck and began choking her. When Defendant's grandfather attempted to assist the grandmother, Defendant allegedly threw the grandmother on the ground and threw a brick at his grandfather, hitting him in the back. In 2016, law enforcement responded to a call regarding a possible disturbance at Defendant's mother's home. According to Defendant's mother, Defendant allegedly struck her companion repeatedly with a metal pipe without provocation.

From Defendant's Pretrial Services Report, Defendant has a history of criminal convictions for violent offenses. He also repeatedly failed to adhere to conditions of release in other cases. He violated the terms of probation and had his probation revoked numerous times. Additionally, according to Defendant's Pretrial Services Report, Defendant tested positive for opiates, amphetamines, and methamphetamines during the initial urinalysis obtained from Defendant in this case. Moreover, if convicted on the pending charge in this case, Defendant potentially faces long-term imprisonment. The fact that Defendant faces a long period of incarceration if convicted provides tremendous incentive to flee. *See King*, 849 F.2d at 488. Accordingly, although Defendant has ties to the community and has proposed potential conditions of release, the Court finds that no condition or combination of conditions are available to reasonably assure Defendant's future appearance in court proceedings and the safety of the community.

It is, therefore, **ORDERED** that Defendant's Motion to Set Reasonable Conditions of Pretrial Release (Dkt. 15) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on December 19, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record